```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :
        - v. -                          :   S17 07 Cr. 971 (RPP)
                                        :
CHRISTOPHER MICHAEL COKE,               :
                                        :
                        Defendant.      :
                                        :
- - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PRE-HEARING MEMORANDUM

                                    PREET BHARARA
                                    United States Attorney for the
                                      Southern District of New York
                                    Attorney for the United States
                                      of America

Jocelyn E. Strauber
John T. Zach
Assistant United States Attorneys

    - Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - x
                                          :
**UNITED STATES OF AMERICA**               :
                                          :
            - v. -                        :    S17 07 Cr. 971 (RPP)
                                          :
**CHRISTOPHER MICHAEL COKE,**              :
                                          :
                      **Defendant.**       :
                                          :
- - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S PRE-HEARING MEMORANDUM

The Government respectfully submits this pre-hearing memorandum to describe the proof that the Government intends to offer at the sentencing hearing to be held on May 22, 2012, in the above-referenced matter.  The purpose of this hearing, pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir. 1978), is to resolve certain disputed factual issues relevant to the appropriate sentence.  As described further below, the Government intends to call two cooperating witnesses, one a high-level member of Christopher Michael Coke's criminal organization in Jamaica and the other an individual who fraudulently obtained United States visas at Coke's direction, to be used by couriers who brought the defendant's cocaine to the United States.  The Government also submits, as an attachment to this memorandum, a Declaration under the name "John Doe," a third cooperating witness who served as a high-level counselor to Coke's criminal

-1-

organization.  Among other things, that Declaration is expected to corroborate the testimony of the two witnesses who will be called at the Fatico hearing.

For the reasons set forth in the Government's prior sentencing submissions (dated February 22 and March 15, 2012) and based on the facts that the Government expects to establish at the May 22, 2012 hearing, the Government respectfully submits that a sentence of 276 months' imprisonment (twenty-three years) – the statutory maximum and the sentence recommended by the United States Probation Department – is the most appropriate sentence in this case, and one that is sufficient, but not greater than necessary, to comply with the purposes of Title 18, United States Code, Section 3553a.

I.  Background

As an initial matter, there is no dispute between the parties as to application of the United States Sentencing Guidelines to this case.  The plea agreement between the parties stipulates that the defendant's Sentencing Guidelines range is 262 to 276 months' imprisonment.  In light of the stipulations in the plea agreement, and the defendant's plea allocution, the following facts are undisputed:

(1) Coke was an organizer and leader of the Presidential Click criminal organization (Plea Agreement dated 8/30/11 ("Plea Agmt.") at 3; 8/31/11 Plea Hearing Transcript ("Tr.") Tr. 23);

(2)   Coke, in that capacity, directed criminal activities on the Presidential Click's behalf, including the distribution of crack cocaine, cocaine and marijuana in both Jamaica and the United States, from 1999 through June 2010 (Tr. 23);

(3)   Coke, in that capacity, directed the purchase of firearms and the importation of those firearms into Jamaica for the purpose of furthering the activities of the Presidential Click and received those firearms in connection with his narcotics trafficking activities (Plea Agmt. at 3; Tr. 23);

(4)   Coke conspired with others to assault with a dangerous weapon an individual who owed a narcotics debt to a member of the Presidential Click Organization, which assault caused serious injury to that individual (Plea Agmt. at 3; Tr. 23-24);

(5)   Coke conspired to distribute between 3,000 and 10,000 kilograms of marijuana in the United States (Plea Agmt. at 3, Tr. 24);

(6)   Coke conspired to distribute between 15 and 50 kilograms of cocaine in the United States (Plea Agmt. at 2, Tr. 24) and;

(7)   Coke "recklessly created a substantial risk of death and serious bodily injury to another person in the course of fleeing from law enforcement officers" in connection with his arrest (Plea Agmt. at 3).

While the Government contends that these undisputed facts alone support a sentence of 276 months' imprisonment (only fourteen months above the bottom of the agreed-upon Sentencing Guidelines range), the Government further contends, in the alternative, that the defendant's history and characteristics, and the nature and circumstances of his offense (even beyond the undisputed facts set forth above) call for a term of incarceration of 276 months. (See Government's Sentencing Memoranda of February 22 and March 15, 2012).

For almost twenty years, Coke ran a violent criminal organization and, through the use of armed soldiers who acted at his direction, controlled the Tivoli Gardens community in Kingston, Jamaica, and some of the surrounding areas.  Coke personally participated in, and directed, multiple murders that were carried out by unusually brutal means.  Coke also directed the imposition of "punishments", in the form of beatings and shootings, on community members whom Coke determined had violated the community's rules through conduct ranging from domestic disputes to theft.

Although Coke provided certain financial assistance and other benefits to members of the Tivoli Gardens community (see Defendant's Sentencing Submission of March 13 at 2-3), that assistance is easily eclipsed by Coke's exploitation of the very population he purported to assist.  For example, Coke profited from the sale of cocaine and crack to residents of Tivoli Gardens by maintaining sole control of the distribution of cocaine and crack in Tivoli Gardens and the areas immediately surrounding it.  Coke also used young females residing in Tivoli Gardens and elsewhere in the Kingston area to transport his cocaine overseas.  Coke personally provided cocaine to these females, which they vaginally inserted into their bodies prior to traveling to the United States.  Because Coke preyed on the very members of the community he claims to have served, and because his lucrative

-4-

criminal activities clearly enabled him to provide assistance to the residents of Tivoli Gardens, his charitable activities do not justify a sentence below the statutory maximum sentence in this case.

II. Anticipated Fatico Hearing Testimony & Other Evidence

In addition to Coke's claim that his charitable works call for a below-Guidelines sentence in this case, Coke has also disputed the Government's assertion that he trafficked in hundreds of firearms, and imposed a brutal form of discipline and order in the Tivoli Gardens community. (See Defendant's Sentencing Submission of March 13 at 2.)

To address those disputed facts, the Government expects to call two cooperating witnesses. One was a high-level member of Coke's organization who engaged in acts of violence at Coke's direction (and independently), with weapons and ammunition supplied by Coke. That witness is expected to describe, among other things, brutal murders, beatings and other acts of violence that were committed by Coke or at his direction, some purportedly as "punishment" for violations of the community's rules. That witness will also describe the crew of loyal "Soldiers" or "Shotters," at times numbering over two hundred, that Coke controlled and armed with firearms he illegally imported into Jamaica from the United States, and whom Coke used to carry out the acts of violence referenced above. That witness will also

-5-

describe how Coke sold cocaine and crack cocaine within the Tivoli Gardens area and certain adjacent communities, and prohibited anyone else from selling cocaine in those areas. The witness will further describe Coke's use of females in the Tivoli Gardens community to transport cocaine to the United States.

That witness' statements will be corroborated, among other means, by the Declaration that is attached hereto, under the name "John Doe." "John Doe" is also a cooperating witness, who served as a senior "counselor" to Coke's organization. As the Declaration sets forth in detail, that witness observed many of the same aspects of Coke's control over Tivoli Gardens – the group of armed "Shotters," importation of large quantities of firearms, multiple, brutal murders, the control over sales of cocaine and crack cocaine in the Tivoli Gardens area, and the use of females to transport cocaine to the United States – that are set forth above.

The Government also expects to call a cooperating witness who was not a member of Coke's Organization, but who was tasked by Coke with obtaining fraudulent United States visas, to be used by couriers bringing cocaine to the United States on Coke's behalf. In the course of obtaining these visas, this witness encountered a young girl who said that she was forced to carry cocaine to the United States for Coke because her brother had lost or mishandled Coke's money in the United States. This

witness will also testify that there came a time when the witness was unable to obtain the visas that Coke requested, and the witness fled Jamaica in fear for his life, after learning that Coke's men were looking for him and intended to harm him.

On the basis of this expected evidence, and for the reasons previously stated in the Government's February 22 and March 15 Sentencing Submissions, the Government respectfully submits that Coke's criminal conduct calls for a sentence of 276 months' imprisonment – the statutory maximum sentence in this case.

As the evidence at the Fatico will show, Coke led the Presidential Click criminal organization and controlled the Tivoli Gardens community through brutal acts of violence, including multiple murders that were unusually cruel and depraved, carried out by Coke and by men that Coke armed with illegally trafficked firearms.  Whatever benefits Coke provided to the residents of Tivoli Gardens, they pale in comparison to the abuse that Coke inflicted.  Indeed, as the testimony and other evidence will establish, those benefits are best understood as Coke's effort to maintain the loyalty of a population that he controlled through intimidation and violence.  The evidence will show that Coke and his private armed militia victimized the residents of Tivoli Gardens through vicious murders, beatings and acts of violence, through the sale of cocaine and crack, and through Coke's use of young women to vaginally carry his cocaine

to the United States. As the hearing testimony will make clear, Coke in fact did not devote himself to improving the lives of the downtrodden members of the Tivoli Gardens community. He devoted himself to increasing his own wealth and his own power, through means including firearms trafficking, narcotics trafficking and murder.

The murders and acts of violence which Coke directed and in which he participated in Jamaica (and for which Coke has not been charged there) were not chargeable by the United States Government at the time of Coke's extradition from Jamaica, and therefore, because of the Rule of Specialty, those offenses could not be charged after Coke was extradited to the United States. However, those violent acts were fundamentally a part of Coke's leadership of the Presidential Click organization and, along with the other aspects of Coke's conduct set forth above, make clear that the only appropriate sentence in this case is the one recommended by the Probation Department – the statutory maximum sentence of twenty-three years' imprisonment.

Conclusion

For the reasons set forth above, the Government respectfully submits that the appropriate sentence in this case, and one that is sufficient but not greater than necessary to serve the goals of Title 18, United States Code, Section 3553(a), is a term of imprisonment of 276 months.

Dated:   New York, New York
         May 21, 2012

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York



                              By:_____/s/_____
                                    JOCELYN E. STRAUBER
                                    JOHN T. ZACH
                                    Assistant United States Attorneys
                                    Tel: (212) 637-1034/2410

CERTIFICATE OF SERVICE

      JOCELYN STRAUBER deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York, and that, on the 21st day of May, 2012 She caused to be served a copy of the within Government's Sentencing Submission on Stephen Rosen, Esq., and Frank Doddato, Esq., by e-mailing the document to attyrosen@aol.com and fadesq49@aol.com.

      I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

```
             /s/
JOCELYN E. STRAUBER
```

Dated:    May 21, 2012
          New York, New York